UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA CARMONA,<br>    Plaintiff | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:08-cv-3749 |
| NIAGARA CREDIT SOLUTIONS, INC. AND<br>RICHARD W. CARNES,<br>    Defendants | § § § § | JURY DEMAND |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Claudia Carmona, Plaintiff in the above-numbered and styled case, complaining of and against Niagara Credit Solutions, Inc. and Richard W. Carnes and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq*. (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.40 *et. seq.* (hereinafter "DTPA"), which prohibits deceptive acts or practices in the conduct of any trade or commerce.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claim is afforded by 28 U.S.C. § 1367. Venue in this district is proper in that the Defendants transact business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.  Plaintiff, Claudia Carmona, is an individual residing in Houston, Harris County, Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

4.  Defendant Niagara Credit Solutions, Inc. (hereinafter "NCS"), is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at 420 Lawrence Bell Drive, Buffalo, New York 14221-8820.  The principal purpose of NCS is the collection of debts using the telephone and mail, and defendant NCS regularly attempts to collect debts alleged to be due another.  Defendant is registered with the Secretary of State in Texas and may be served with process through its registered agent, CT Corporation System located at 350 N. Saint Paul Street, Dallas, Texas 75201-4240.

5.  Defendant Richard W. Carnes (hereinafter "Carnes") is a natural person who was employed at all times relevant herein by Defendant NCS as a collection agent whose principal purpose is the collection of debts using the telephone and mail. Defendant Carnes regularly attempts to collect debts alleged to be due another.  Defendant Carnes may be served with process at his regular place of business at 420 Lawrence Bell Drive, Buffalo, New York 14221-8820.

6.   Defendant NCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and the TDCA, Tex. Fin. Code § 392.001(6).

7.  Defendant Carnes is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and the TDCA, Tex. Fin. Code § 392.001(6).

### IV.  FACTUAL ALLEGATIONS

8.  On or around 2005, Plaintiff incurred a financial obligation with Chase Bank on a credit card that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Tex. Fin. Code § 392.001(2).

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### Collection Calls to the Workplace

10. On or about January, 2008, Defendant NCS's collector, Defendant Carnes, contacted Plaintiff by telephone at her workplace in an effort to collect this debt.

11. In the initial telephone call between Defendants and Plaintiff, Defendants stated that Plaintiff owed approximately $4,200.00 and that Defendants were authorized to settle the account for approximately $2,800.00.

12. On or about January 10, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

13. On or about January 11, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

14. On or about January 17, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

15. Twice on or about January 18, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

16. On or about January 22, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

17. On or about January 28, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

18. On at least one occasion, Defendant Carnes told Plaintiff she was ignorant during a telephone call to her place of employment in an attempt to collect this debt.

### January 29, 2008 Collection Calls to the Workplace

19. Four times on or about January 29, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

20. Plaintiff notified Defendants that she could not receive personal calls at her workplace. Defendant NCS's collector, Defendant Carnes, informed Plaintiff that he would

continue calling her at work.  Defendant Carnes further stated that if Plaintiff would disconnect the call, he would call Plaintiff's workplace and ask to speak with her supervisor.  Defendant Carnes also threatened to fax paperwork to Plaintiff's supervisor.  Plaintiff's request for Defendant to cease contacting her at her work went unheeded.

### *Other Collection Calls to the Workplace*

21.  On or about January 30, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

22.  On or about February 4, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.

23.  On or about February 5, 2008, Defendants called Plaintiff at her place of employment in an attempt to collect this debt.  Plaintiff asked Defendant Carnes to stop calling her at her place of employment.  Once again, Plaintiff's request for Defendant to cease contacting her at her work went unheeded.

### *Plaintiff's Formal Cease & Desist Letter*

24.  On or about February 5, 2008, Plaintiff sent a letter to Defendants requesting that Defendants stop contacting her at her workplace.

### *Fax to Plaintiff's Workplace*

25.  On or about February 6, 2008, Defendant NCS sent a facsimile to Plaintiff's employer requesting employment verification.  The two page facsimile requests personal information regarding Plaintiff including her wage rate and employment status.

26.  On or about February 7, 2008, Plaintiff's manager asked her to review and sign the completed employment verification request from Defendant NCS.

### *Summary*

27. The above-described collection communications made to Plaintiff by Defendant Carnes, Defendant NCS and other collection employees employed by Defendant NCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692c(b), 1692d, 1692e, 1692e(4), 1692e(5) and

1692e(10), and multiple provisions of the TDCA, including but not limited to Tex. Fin. Code §§ 392.301(a)(8), 392.302(1), 392.302(4), 392.304(a)(19), amongst others.

28.  The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to Plaintiff.

29.  The above-detailed conduct by Defendant NCS, its employees and Defendant Carnes caused Plaintiff to cry uncontrollably and fear that her employment was at risk.

30.  Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

31.  Plaintiff incorporates paragraphs 1-30 above.

32.  Defendant NCS and Defendant Carnes violated the FDCPA by contacting Plaintiff at her place of employment despite knowledge that Plaintiff was not allowed to take personal calls at work in violation of 15 U.S.C. § 1692c(a)(2).

33.  Defendant NCS and Defendant Carnes violated the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

34.  Defendant NCS and Defendant Carnes violated the FDCPA by using false representations of pending wage garnishment in violation of 15 U.S.C. § 1692e(4), (7) and (10).

35.  Defendants NCS and Defendant Carnes violated the FDCPA by continuously calling Plaintiff at her workplace with the intent to harass, annoy and abuse Plaintiff in violation of 15 U.S.C. § 1692d(5).

36.  Defendants NCS and Defendant Carnes violated the FDCPA by calling Plaintiff ignorant, in violation of 15 U.S.C. § 1692d(2).

37. Defendant NCS violated the FDCPA by sending a facsimile with personal, nonpublic information to Plaintiff's supervisor in violation of 15 U.S.C. § 1692c(b).

38. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

39. Plaintiff incorporates paragraphs 1-30 above.

40. Defendant NCS and Defendant Carnes violated the TDCA by using false representations of pending wage garnishment in violation of Tex. Fin. Code § 392.301(a)(8).

41. Defendant NCS and Defendant Carnes violated the TDCA by continuously calling Plaintiff with the intent to harass Plaintiff in violation of Tex. Fin. Code § 392.302(4).

42. Defendant NCS and Defendant Carnes violated the TDCA by calling Plaintiff ignorant, in violation of Tex. Fin. Code § 392.302(1).

43. Defendant NCS violated the TDCA by sending a facsimile with personal, nonpublic information to Plaintiff's supervisor in violation of Tex. Fin. Code § 392.304(a)(19).

44. As a result of these violations of the TDCA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

45. Because violations of the TDCA constitute deceptive trade practices under Tex Fin. Code § 392.404(a), Defendants have also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 *et. seq*. Furthermore, because the Defendants acted knowingly and/or intentionally, under the DTPA, Plaintiff is entitled to treble damages.

### VII.  JURY DEMAND

46. Plaintiff demands a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d) including fees in the event of appeal;

D. Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E. Such other and further relief as may be just and proper.

Respectfully submitted,

 /s/ Dana Karni
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway, Suite 610
Houston, Texas 77027
Telephone: 713-552-0008
Facsimile:  713-454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF